# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.   MJ22-516 |
| SUBJECT PARCEL, bearing tracking No. 9570 1107 4711 2293 1048 02 more fully described in Attachment A | ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A, incorporated herein by reference

located in the _____Western_____ District of _____Washington_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession with intent to Distribute Controlled Substances & Unlawful use of a |
| 21 U.S.C. § 843 | Communication Facility, including the U.S. mails, to Distribute Controlled Substances |

The application is based on these facts:

✓   See Affidavit of Postal Inspector Michael Fischlin, continued on the attached sheet.

☐   Delayed notice of _____ days (give exact ending date if more than 30 days: _____ is requested

under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

---

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Michael Fischlin*

*Applicant's signature*

Michael Fischlin, Postal Inspector (USPIS)

*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or

◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: _____10/24/2022_____

*Judge's signature*

City and state:  Seattle, Washington

Michelle L. Peterson, United States Magistrate Judge

*Printed name and title*

## **ATTACHMENT A**

Parcel to be searched

**SUBJECT PARCEL:** One Express Mail parcel addressed to "Ashton Colts, 1917 E 60th St, Tacoma, WA 98404" with a return address of "Amber Woods, 832 Parkbrook Trail, Birmingham, AL 35215."  This parcel measures approximately 15" x 9" x 8" with a weight of approximately 2 pounds, 9 ounces.  The SUBJECT PARCEL is postmarked October 20, 2022, from zip code 35242 in Birmingham, AL, and carries $64.50 in postage.  The delivery confirmation number is 9570 1107 4711 2293 1048 02.

The SUBJECT PARCEL is currently in the custody of the USPIS located at 10700 27th Ave S, Seattle, Washington.

ATTACHMENT B
USAO 2022R01168

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT B**

Items to be seized

The following items that constitute evidence, instrumentalities, or fruits of violations of Title 21, United States Code, Section 841(a)(1), distribution and possession with intent to distribute controlled substances, and Section 843(b), unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances:

       a.     Controlled substances, including, but not limited to, cocaine, fentanyl, heroin, hashish, marijuana, methamphetamine, 3,4-methylenedioxy-methamphetamine ("MDMA"), oxycodone, and oxycontin;

       b.     Monetary instruments, including but not limited to, currency, money orders, bank checks, and gift cards;

       c.     Controlled substance-related paraphernalia;

       d.     Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

       e.     Notes, letters, and other items which communicate information identifying the sender and/or recipient or pertaining to controlled substances or their distribution; and

       f.     Fingerprints and/or handwriting, to identify who handled and/or mailed the parcel.

ATTACHMENT B
USAO 2022R01168

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

STATE OF WASHINGTON          )

                             )          ss

COUNTY OF KING               )

## AFFIDAVIT

I, Michael Fischlin, being first duly sworn on oath, depose and say:

### AFFIANT BACKGROUND

1.      I am a United States Postal Inspector, assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances, through the United States Mail.  I have been employed as a Postal Inspector since June 2016 and am currently assigned to Seattle Division Headquarters, located in Seattle, Washington.  As part of my duties, I investigate the use of the United States Postal Service ("USPS") to illegally mail and receive controlled substances, the proceeds of drug trafficking, and instrumentalities associated with drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a communication facility, including USPS, to facilitate the distribution of controlled substances).

2.      I have attended both the United States Postal Inspection Service ("USPIS") Basic Prohibited Mailings Narcotics course and the USPIS Contraband Interdiction and Investigations Advanced training course where I received specialized training in the investigation of controlled substances in the United States mails.  I have received training on the identification of controlled substances, interdiction of controlled substances, and proceeds thereof.  I have also become familiar with methods used by individuals to hide, convert, or otherwise conceal illicit narcotics proceeds, and the efforts of persons engaged in transportation and laundering of illicit proceeds to avoid detection, apprehension, and seizure by law enforcement.

AFFIDAVIT OF PI MICHAEL FISCHLIN – 1
USAO 2022R01168

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3.     The information contained in this affidavit is based upon knowledge I gained from my investigation, my personal observations, my training and experience, and investigation by other inspectors, agents, and officers.  Because the purpose of this affidavit is limited to setting forth probable cause to search the parcel identified below, I have not set forth every fact of which I am aware pertaining to the investigation.  Rather, I have included only those facts relevant to the determination of probable cause.

## PURPOSE OF AFFIDAVIT

4.     As set forth in Attachment A, this affidavit is made in support of an application for a search warrant for one USPS Express Mail parcel (the "SUBJECT PARCEL").  The parcel is believed to contain controlled substances or proceeds from the sale of controlled substances.  The SUBJECT PARCEL is further described as follows:

**SUBJECT PARCEL:** One Express Mail parcel addressed to "Ashton Colts, 1917 E 60th St, Tacoma, WA 98404" with a return address of "Amber Woods, 832 Parkbrook Trail, Birmingham, AL 35215."  This parcel measures approximately 15" x 9" x 8" with a weight of approximately 2 pounds, 9 ounces.  The SUBJECT PARCEL is postmarked October 20, 2022, from zip code 35242 in Birmingham, AL, and carries $64.50 in postage.  The delivery confirmation number is 9570 1107 4711 2293 1048 02.

The SUBJECT PARCEL is currently in the custody of the USPIS located at 10700 27th Ave S, Seattle, Washington.

## SUMMARY OF PROBABLE CAUSE

*This Investigation*

5.     On October 21, 2022, U.S. Postal Inspectors were performing an Express Mail interdiction at the USPS mail facility located at the Seattle Processing and Distribution Center, 10700 27th Ave S, Seattle, Washington.  The interdiction was

AFFIDAVIT OF PI MICHAEL FISCHLIN – 2
USAO 2022R01168

targeting inbound Express parcels suspected of containing controlled substances and/or proceeds from the distribution of controlled substances.

6.      During the interdiction, the SUBJECT PARCEL was identified for further inspection.  Based on my training and experience, the SUBJECT PARCEL exhibits many of the characteristics of parcels containing controlled substances and/or proceeds from the distribution of controlled substances.  Specifically, the SUBJECT PARCEL bears a handwritten label that waives any signature requirement, bears excessive tape, lacks a phone number for either the sender or recipient, originates in a different zip code than what the sender wrote on the return address, and postage was paid in cash.  I know through my training and experience that these are tactics commonly used by drug traffickers using the U.S. mails in an attempt to elude detection by law enforcement.

7.      Furthermore, the SUBJECT PARCEL was shipped from Birmingham, Alabama to Tacoma, Washington.  I know through my training and experience that Alabama is a destination state for marijuana parcels shipped from the source state of Washington.  Alabama is not a state in which possession of recreational marijuana is lawful.  Washington drug distributors often collect payment for marijuana sales through Express and/or Priority Mail parcels shipped to Washington.  Furthermore, I know that drug traffickers will often pay for postage with cash in to avoid detection by law enforcement.

8.      On October 21, 2022, the SUBJECT PARCEL was removed from the mail stream in Seattle, Washington for further investigation.

9.      Using USPS and law enforcement databases, I researched the sender's name and address listed on the SUBJECT PARCEL.  That research reflects the address "832 **Park Brook** Trail, Birmingham, AL 35215" is a true and deliverable address.  An individual by the name of "Amber Woods" **is not** associated with "832 Park Brook Trail, Birmingham, AL 35215."  Furthermore, open-source research revealed the sender's

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

address is for the Clay Landings Apartments.  No apartment number was included for the sender's address.

10.     Using USPS and law enforcement databases, I researched the recipient's name and address.  I learned the address "1917 E 60th St, Tacoma, WA 98404" is a true and deliverable address.  An individual by the name of "Ashton Colts" **is not** associated with "1917 E 60th St, Tacoma, WA 98404."  USPS business records showed that two additional Express Mail parcels had been sent from Birmingham, Alabama, to this address since June 2022.  The postage for these parcels was paid in cash.

11.     Based upon this information, on October 21, 2022, I requested the assistance of Tukwila Police Department ("TPD") Detective J. Sturgill and his canine partner Apollo.  TPD Detective Sturgill applied Apollo, a narcotic-detecting canine to a warehouse to clear it of any odors of narcotics.  Once the warehouse was cleared, I placed the SUBJECT PARCEL in the warehouse.  TPD Detective Sturgill then applied Apollo to the warehouse.  TPD Detective Sturgill observed a change in behavior when Apollo encountered the SUBJECT PARCEL.  Apollo stopped, had a change in behavior, and sat, indicating the positive odor of narcotics emitting from the SUBJECT PARCEL.  TPD Detective Sturgill's affidavit describing Apollo's training and qualifications is attached to this affidavit and incorporated herein by reference.

***Knowledge Based on Training and Experience***

12.     Through my training and experience, I am aware that USPS is often used to transport controlled substances, controlled substances-related paraphernalia, and/or the proceeds from the sales of controlled substances throughout the United States.  I have learned and observed that sometimes drug traffickers mail controlled substances and proceeds in the same parcel.  I am also aware that proceeds from the sales of controlled substances are transported in the form of cash, money orders, and other monetary instruments.  I am aware that cash, as well as money orders purchased with cash, are

AFFIDAVIT OF PI MICHAEL FISCHLIN – 4
USAO 2022R01168

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

desirable forms of payment for drug traffickers, given that they are difficult for law enforcement to track.

13.     I also know that drug traffickers prefer delivery services such as USPS Express and Priority Mail because of the reliability of these services and the ability to track the article's progress to the intended delivery point.  When a drug trafficker learns that a mailed article has not arrived as scheduled, he/she becomes suspicious of any delayed attempt to deliver the item.

14.     In addition, I am aware that the USPS Express and Priority Mail services were custom-designed to fit the needs of businesses by providing overnight delivery for time-sensitive materials.  Business mailings often contain typewritten labels, are in flat cardboard mailers, and usually weigh less than eight (8) ounces.  Businesses often use corporate charge accounts and/or print their account number on the Express and Priority Mail label to expedite transactions with USPS.

15.     Based on my training and experience concerning the use of Express and Priority Mail for the transportation of controlled substances and/or the proceeds from the sales of controlled substances, I am aware that these parcels usually contain some or all the following characteristics (which are different than characteristics of parcels being sent by legitimate businesses):

        a.     Unlike typical Express and Priority Mail business mailings which usually have typed labels, parcels containing controlled substances and/or proceeds often have handwritten address information.  In addition, the address information often contains misspelled words or incomplete/incorrect addresses.  This appears to be done to help conceal the true identities of the individuals involved.

        b.     The handwritten label on Express and Priority Mail parcels containing controlled substances and/or proceeds often does not contain a business account number and/or credit card number.  This is an indication that the sender likely

AFFIDAVIT OF PI MICHAEL FISCHLIN – 5
USAO 2022R01168

paid cash.  A credit card or business account number would more likely enable law enforcement officers to connect the parcel to identifiable individuals.

c.      Express and Priority Mail parcels containing controlled substances and/or proceeds often stand out from typical business mailings as they do not bear any advertising on the mailing container/box and are usually being mailed from one individual to another.

d.      The sender and/or recipient addresses on Express and Priority Mail parcels containing controlled substances and/or proceeds often are either fictitious or persons not known to postal personnel familiar with the addresses listed.

e.      The zip codes for the sender addresses on Express and Priority Mail parcels containing controlled substances and/or proceeds often are different from the zip codes of the post offices from where the parcels were mailed.

f.      Express and Priority Mail parcels containing controlled substances and/or proceeds are often heavily taped on their seams to conceal scent.

g.      Express and Priority Mail parcels containing controlled substances and/or proceeds often include a waiver of signature.

16.    Inspectors who encounter a parcel with any or all the above characteristics often further scrutinize the parcel by, among other tactics, conducting address verifications and using a trained narcotic-detecting canine.

17.    Based on my training and experience I know that a parcel may contain evidence of who handled and/or mailed the parcel, which might consist of notes, letters or other items of communication from the sender to the recipient, fingerprints, or other items with handwriting on them.  I know based on my training and experience that all of this material might constitute evidence of the crimes under investigation.

AFFIDAVIT OF PI MICHAEL FISCHLIN – 6
USAO 2022R01168

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## GOVERNMENT REQUESTS

18.     The application requests that law enforcement officers and agents be authorized to seize the following from the SUBJECT PARCEL, which constitute the fruits, instrumentalities, and evidence of mailing and distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a communication facility, including the U.S. mails, to facilitate the distribution of controlled substances):

        a.     Controlled substances, including, but not limited to, cocaine, fentanyl, heroin, hashish, marijuana, methamphetamine, 3,4-methylenedioxy-methamphetamine ("MDMA"), oxycodone, and oxycontin;

        b.     Monetary instruments, including, but not limited to, currency, money orders, bank checks, and gift cards;

        c.     Controlled substance-related paraphernalia;

        d.     Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

        e.     Notes, letters, and other items which communicate information identifying the sender and/or recipient, or pertaining to controlled substances or their distribution; and

        f.     Fingerprints and/or handwriting, to identify who handled and/or mailed the parcel.

19.     Because this warrant seeks permission to examine a package already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

AFFIDAVIT OF PI MICHAEL FISCHLIN – 7
USAO 2022R01168

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

20.     Based on the facts set forth in this Affidavit, I believe there is probable

cause to conclude that the SUBJECT PARCEL contains controlled substances,

documents, or other evidence, more fully identified in Attachment B, related to the

mailing and distribution of controlled substances, in violation of Title 21, United States

Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled

substances) and 843(b) (unlawful use of a communication facility, including the U.S.

mails, to facilitate the distribution of controlled substances).


MICHAEL FISCHLIN

United States Postal Inspector


The above-named agent provided a sworn statement attesting to the truth of the

contents of the foregoing affidavit by telephone on this 24th day of October 2022.


HON. MICHELLE L. PETERSON

United States Magistrate Judge

AFFIDAVIT OF PI MICHAEL FISCHLIN – 8
USAO 2022R01168

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Tukwila Police Department**
**Anti-Crime Team K-9**

Detective James Sturgill
October 21, 2022

---

**DETAILS**

On October 21, 2022, at 1145 hours, I, Tukwila Police Detective J. Sturgill, assisted USPIS with a suspicious parcel at the Seattle Processing and Distribution Center located at 10700 27th Avenue South, Seattle, Washington 98168. I first used my canine partner (Apollo) to search a warehouse to clear it of any odors of narcotics. USPIS Inspector M. Fischlin then placed the suspicious parcel in the warehouse out of the view of Apollo and I. At approx. 1155 hours, Apollo and I started the search for the suspicious parcel by sniffing the warehouse in a systematic manner. Upon encountering the parcel, Apollo stopped, had a change of behavior, and sat. When Apollo sits, it's an indication to me that he could smell the odor of narcotics coming from the parcel. I rewarded Apollo with a rubber ball. At approx. 1157 hours, Apollo alerted on the following parcel:

    **Tracking #: 9570 1107 4711 2293 1048 02**

    **Sender: Amber Woods, 832 Parkbrook Trail, Birmingham, AL 35215**

    **Recipient: Ashton Colts, 1917 E 60th St, Tacoma, WA 98404**

This concludes my involvement in the case.

**OFFICERS TRAINING/EXPERIENCE**

I, James Sturgill have been a commissioned law enforcement officer for the past eighteen years. I am employed by the City of Tukwila and have been assigned to the Tukwila Anti-Crime Team; I am currently the K-9 Narcotic's Detective assigned to that unit. From 2014 to 2016, I was a Task Force Officer with the DEA on the Valley Narcotics Enforcement Team (VNET). From 2018 to 2020, I was a Task Force Officer with the United States Postal Service. During my career, I have investigated several narcotics-related crimes in and around the City of Tukwila.

My current duties include investigating federal and state narcotics violations within the jurisdiction of the County of King, the State of Washington, and the United States.

During my career, I have received extensive training to include: 720 hours at the Washington State Criminal Justice Training Center's Basic Law Enforcement Academy. This training includes numerous hours of instruction on Criminal Law, Property Crimes, Crimes against Persons, basic report writing, Narcotics Investigations and recognition (including the recognition of marijuana, cocaine, heroin and

methamphetamine). I have received further training to assist me with narcotics investigations and arrests. In 2006, I received 48 hours of Gang Investigation and Street Crimes training. These courses included gang and narcotic recognition, buy bust operations, surveillance and interview techniques, how narcotics are transported and where narcotics can be hidden in vehicle's, homes, and in humans. In 2013, I received 24 hours of similar training by attending Gangs in the Northwest and Street Survival. I also attended How to Manage a CI in 2013. This course focused on how to interview suspects of narcotics related offenses and how to turn that person into a confidential informant. This course included interview techniques and basic search warrant preparation and service. In 2014, 2015 and 2018, I received nationally recognized narcotics training provided by California Narcotics Officers Association (CNOA). In 2014, 2015 and 2018 I received nationally recognized narcotics training provided by Washington State Narcotics Investigators Association (WSNIA). Both CNOA and WSNIA are 4-day classroom courses containing numerous narcotic related classes. In 2015 and 2018, I attended Operation Jetway Interdiction training. This 32-hour classroom course is conducted by EPIC/DEA and focuses on the many ways that police officers can interdict drugs and drug proceeds from DTO's. In 2017 and 2019, I received 32 hours of classroom interdiction training with the nationally recognized International Narcotics Interdiction Association (INIA). In 2016, I completed the 200-hour Washington State Narcotic's Canine Course. During the 6-week course, my canine partner "Apollo" was trained to identify and alert on the odors of Cocaine, Heroin, Methamphetamine and Marijuana. During the early part of my career, I worked numerous cases with the Tukwila Anti-Crime (TAC) Team, working as a uniformed take down officer. I assisted the TAC Team with several buy walks and buy busts during my career. I also personally investigated numerous VUCSA cases while working as a patrol officer in the City of Tukwila.

By virtue of my assignment with the TAC Team, I am authorized to conduct investigations into violations of the Controlled Substances Act. In doing so, I have conducted a variety of investigations into violations ranging from simple possession of narcotics to the sales of narcotics. Because of this experience and training, I am familiar with common methods of investigating drug trafficking and have become familiar with the methods of operation of drug traffickers, their use of cellular telephones, telephone pagers, emails, and other electronic means of communication to further their narcotics trafficking activities; and their use of numerical codes, code words, counter-surveillance, and other methods of avoiding detection by law enforcement. I am also familiar with the various methods of packaging, delivering, transferring, and laundering.

I have participated in the execution of narcotics search warrants. Most commonly, these warrants authorize the search of locations ranging from the residences of drug traffickers and their coconspirator/associates, to locations used to manufacture, distribute and hide narcotics and drug proceeds. Materials searched for and often recovered in these locations include packaging materials, manufacturing items, scales, weapons, documents and papers reflecting the distribution of controlled substances and the identity of coconspirator associates, and papers evidencing the receipt, investment, and concealment of proceeds derived from the distribution of controlled substances.

**CANINE QUALIFICATIONS**

I'm currently assigned to the Tukwila Anti-Crime Team and handle a narcotics canine as a collateral duty. In November 2016, I completed the state mandated requirement of 200 hours of canine narcotics specific training and met the canine performance standards set by the Washington Administrative Code (W.A.C.) 139-05-915 for the Narcotic Dog Handler (General Detection).

On November 13, 2016 Canine "Apollo" and I were certified as a team by the Washington State Police

Canine Association.  We recertified on January 8th, 2019 in Bothell,WA.  The WSPCA is an organization with voluntary membership to improve training and effectiveness of canine teams statewide.  The WSPCA certification is also voluntary with more stringent standards than the state requirement.  The substances trained on by the team are cocaine, heroin, methamphetamine and marijuana.

Apollo is a passive alert canine and he is trained to give a "sit response" after having located the specific location the narcotics odor is emitting from.  The handler is trained to recognize the changes of behavior the canine exhibits when it begins to detect the odor of narcotics.  The odor can be emitting from the controlled substance itself, or it can be absorbed into items such as currency, clothing, containers, packaging material, etc.  Narcotic smelling canines such as "Apollo" have an inherently keen sense of smell and will continue to alert on the container or item depending on the length of exposure to the controlled substance, and the amount of ventilation the item is exposed to.

Apollo's reward for finding narcotics / narcotic related items is a rubber ball or leather strap.  Apollo and I continue to train on a regular basis to maintain our proficiency as a team.
On-going training includes or will include:
- Training in all areas of interdiction, such as vehicles, boats, truck tractor and trailers, schools, currency, parcels and mail, airports and airplanes, bus and bus depots, storage units, residences, trains and train depots, prisons, motels, apartments, etc.
- Training on various quantities of controlled substances, ranging from grams to ounces, and pounds when available.
- Training on novel odors, such as odors that are distracting, masking, or new.
- Training on controlled negative (blank) testing, in which all objects or locations have no contraband present
- Training in "Double Blind" scenarios
- Extinction training, which proofs the dog and prevents him from alerting to common items associated with controlled substances, such as plastic bags, etc.

I maintain both training logs and field activity/application reports.  Both are available for review upon request.  At this time the team has found over 1000 narcotics substance training aids and 226 applications in the field resulting in the seizure of narcotics and currency.

Canine Apollo is trained to detect the presence of marijuana, heroin, methamphetamine, and cocaine. Canine Apollo cannot communicate which of these substances he has detected. Canine Apollo can detect minuscule amounts of these four substances. Canine Apollo cannot communicate whether the detected substance is present as residue or in measurable amounts. Despite these limitations, canine Apollo's alert provides probable cause to believe that evidence of a Violation of a Uniform Controlled Substance Act may be found where the canine provides a positive alert for the odor of controlled substances.

I certify or swear under the penalty of perjury the foregoing statement is true and correct.

Detective James C. Sturgill
Tukwila Police TAC Team
Badge #151